IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent, | * | |
| | * | |
| vs. | * | No. 4:06CR00414-001 SWW |
| | * | |
| LALEROY JAMES HAMPTON, | * | |
| | * | |
| Petitioner. | * | |

**Memorandum Opinion and Order**

On August 8, 2007, petitioner Laleroy James Hampton pleaded guilty to a one-count indictment, charging him with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  On January 8, 2008, the Court entered judgment sentencing petitioner to a fifteen-year mandatory minimum sentence pursuant to 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA").  The Eighth Circuit affirmed petitioner's sentence.  *United States v. Hampton,* No. 08-1126 (October 6, 2008).

Now before the Court is petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  The government responded in opposition to the motion.  For the reasons that follow, the Court finds that the motion should be denied.[1]

**Background**

The indictment charging petitioner with possession of a firearm listed more than five prior felony offenses.  Section 924(e)(1) requires a mandatory fifteen-year sentence for a felon in

---

[1]Section 2255 does not require to Court to hold an evidentiary hearing on the motion if the files and records of the case show conclusively that the prisoner is entitled to no relief. 28 U.S.C. § 2255.

possession of a firearm who has three previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another."  Petitioner pleaded guilty, admitting he was in possession of a firearm and that he had been convicted of felonies in the past.  Petitioner also said he understood that the minimum term of imprisonment for his offense was fifteen years.

At sentencing, petitioner objected to counting as separate offenses crimes for which he was sentenced on the same day.  After considering petitioner's argument, the Court determined that the law supported the application of the ACCA to petitioner's sentence.  On appeal, the Eighth Circuit held that five of the prior felony convictions listed in petitioner's indictment involved predicate felonies triggering the §924(e) enhancement.  The court also held that failing to depart downwardly was not an abuse of discretion and that §924(e) was not unconstitutionally applied to petitioner.

In the motion before the Court, petitioner raises two grounds for relief: First, he argues the prior convictions used for enhancement pursuant to §924(e) include non-qualifying factors as described in *Begay v. United States,* ___U.S.___,128 S.Ct. 1581, 170 L.Ed.2d 490 (2008). Second, petitioner argues that he received ineffective assistance of counsel.

### Discussion

On appeal, petitioner argued that because he pleaded guilty to several of the prior felony charges on the same day, they should have been grouped together and not counted separately for purposes of §924(e).  The Eighth Circuit reviewed *de novo* the issue of whether petitioner's prior convictions constituted violent felonies under the statute.  The court held that five of petitioner's prior felony convictions listed in the indictment involved attempted battery, domestic battery, or

aggravated assault that occurred on different occasions, and the §924 enhancement is triggered with a showing of only three.

It is well-settled law that "claims decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255. *United States v. Davis,* 406 F.3d 505, 511 (8th Cir. 2005). Habeas relief is an extraordinary remedy which will not be allowed to substitute for an appeal. *United States v. Moss,* 252 F.3d 993, 1001 (8th Cir. 2001). Relitigation in a collateral proceeding can only occur when a petitioner produces convincing new evidence of actual innocence. *United States v. Wiley,* 245 F.3d 750, 752 (8th Cir. 2001). Petitioner has presented no new evidence of actual innocence. Even if he had, the actual innocence exception in inapplicable to non-capital cases. *Id.* Petitioner's argument that his sentence is illegal because the Court used offenses that do not qualify as violent felonies or serious drug offenses is simply a re-argument of an issue decided on direct appeal.

To the extent petitioner raises a new argument concerning the application of *Begay*, that argument should have been made on direct appeal. *See United States v. Ward,* 55 F.3d 412 (8th Cir. 1995)(collateral proceedings under § 2255 cannot be made to do service for an appeal). Nevertheless, in *Begay,* the Supreme Court held that driving under the influence is not similar to the crimes listed as examples in 18 U.S.C. §924(e)(2)(B)(ii): burglary, arson, extortion, a crime involving use of explosives, and a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." Petitioner argues that his convictions for criminal attempt and domestic battery third degree do not qualify as violent felonies pursuant to *Begay*, and his convictions for possession of controlled substances are not serious drug offenses. The Eighth Circuit held petitioner has been convicted of more than the requisite three violent felonies

and serious drug charges for the enhancement of §924(e).  Petitioner's arguments concerning the application of *Begay* is without merit.

Petitioner also claims his counsel was ineffective because he misled him about the sentence he was facing and talked him into pleading guilty without making a plea agreement. Petitioner claims the Court told him during his plea hearing that the maximum possible sentence was ten years and then imposed a fifteen-year sentence based on the §924(e) enhancement.  He also complains his attorney was not prepared to make a meaningful objection as to the records of the prior convictions.

To establish that he was deprived of effective assistance of counsel, petitioner must demonstrate first, that his counsel's performance was constitutionally deficient and second, that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984).  The court need not address both components if the petitioner makes an insufficient showing on one of the prongs.  *Id.* at 697.  When examining whether an attorney has failed to meet the *Strickland* standard, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.  Furthermore, the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  *Id.* at 690.  The correct inquiry is not whether counsel's decision was correct or wise, but whether it "was an unreasonable one which only an incompetent attorney would adopt" considering all the circumstances. *Parton v. Wyrick,* 704 F.2d 415, 417 (8th Cir. 1983).

Petitioner fails to show that his attorney's performance was unreasonable.  At the plea hearing, petitioner indicated he understood the consequences of a guilty plea and the application

4

of the sentencing guidelines to his case, including the fact that he was facing a minimum term of imprisonment of fifteen years.  At the sentencing hearing, petitioner's counsel objected to the criminal history calculation and offered mitigating factors for the Court to consider.  Counsel specifically objected to separate treatment of his numerous prior convictions as predicate offenses for the application of the ACCA, based on the fact that petitioner pleaded guilty to a number of offenses on the same day and was sentenced for them on the same day.  The record reflects that, upon this objection, the Court conducted a brief conference with the probation officer to review the law and the facts of petitioner's case, and found that the ACCA applied to petitioner's case.

The prejudice prong requires petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 694 (1984).  It "focuses on the question whether counsel's deficient performance renders the result of the . . . proceeding fundamentally unfair." *Lockhart v. Fretwell,* 506 U.S. 364, 372 (1993).  Because there is no evidence counsel's performance was deficient, the Court need not address the issue of prejudice.

## Conclusion

The Court finds petitioner has failed to establish he is entitled to relief under 28 U.S.C. § 2255.  IT IS THEREFORE ORDERED that petitioner's motion [docket entry 63]  is denied.

DATED this 10th day of November,  2009.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE