IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent, | * | |
| | * | |
| vs. | * | No. 4:06CR00414-001 SWW |
| | * | |
| LALEROY JAMES HAMPTON, | * | |
| | * | |
| Petitioner. | * | |

**Order**

Before the Court is petitioner's motion pursuant to Federal Rule of Civil Procedure 60(b)(6).  He seeks review of his sentence which was enhanced under the Armed Career Criminal Act, arguing that a recent Supreme Court decision, *Descamps v. United States*, 133 S.Ct. 2276 (2013), and a recent Eighth Circuit decision, *United States v. Boose*, 739 F.3d 1185 (8th Cir. 2014), prevent his  prior domestic battery convictions from being used as predicate offenses.     Petitioner previously filed a motion to vacate, set aside, or correct his sentence as well as a motion pursuant to Fed.R.Civ.P. 60(b)(6).[1]  The Court denied both  motions.[2]

In *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002), the court said:

In order to establish a uniform procedure throughout the Circuit, we encourage district courts, in dealing with purported Rule 60(b) motions following the dismissal of habeas petitions, to employ a procedure whereby the district court files the purported Rule 60(b) motion and then conducts a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under either 28 U.S.C. § 2255 or § 2254. If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the

---

[1]ECF Nos. 63 & 90.

[2]ECF Nos. 71 & 97.

purported Rule 60(b) motion to the Court of Appeals. Depending on which course of action the district court chooses, the petitioner may either appeal the dismissal of the purported Rule 60(b) motion or, if the district court has elected to transfer the purported 60(b) motion to the Court of Appeals, await the action of the Court of Appeals.

The Court finds petitioner's motion amounts to a successive collateral attack under § 2255.  Therefore, the Court dismisses the petition for failure to obtain prior authorization from the Eighth Circuit Court of Appeals.

IT IS THEREFORE ORDERED that the motion pursuant to Rule 60(b)(6) is denied.

DATED this 9th day of May, 2014.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE